## Case No. 10,803.

### PATRICK v. CENTRAL BANK et al.

[1 Dill. 308.] [1]

Circuit Court, D. Nebraska. 1870.

BANKRUPTCY—FRAUDULENT CONVEYANCE—REMEDY.

Where real property purchased with firm means stands in the name of one of the partners, and the same is conveyed by him in fraud of the bankrupt act [of 1867 (14 Stat. 517)], the assignee of the firm may bring a bill to recover the property.

This is a bill by the assignee in bankruptcy of Mackoy & Co. to have declared fraudulent a certain conveyance of real estate made to, or for the benefit of, the defendant, by J. C. Mackoy (one of the firm) and his wife. It is alleged in the bill that the property was purchased by J. C. Mackoy "with money beloging to the firm;" that the deed was taken in the name of his wife; that Mackoy and wife made the conveyance to the bank, or to its president, for the bank, in payment of a debt due to the bank by the firm, and that such conveyance was made and received in fraud of the bankrupt act, the bill duly alleging the facts which in law would show such fraud. There is no allegation that the individual members of the firm have been declared bankrupts or that the plaintiff is their assignee, or that they have any separate property or separate creditors. The demurrer to the bill presents the point that the plaintiff, as the assignee of the firm, has no right to property sought to be reached by the bill, and no right to have inquired into the bona fides of the conveyance to the bank; that this is a matter which alone concerns the individual creditors of Mackoy.

Mr. Ambrose, for plaintiff.
Mr. Redick, for defendant.

Before DILLON, Circuit Judge, and DUNDY, District Judge.

DILLON, Circuit Judge. This is a bill by the assignee of the firm of Mackoy & Co. to have declared fraudulent a certain conveyance of real estate made for the benefit of the bank, by one of the members of the firm and his wife. The object of the bill is to obtain the property for the benefit of the

creditors of the firm. The objection taken by the defendant, and the only one now to be considered is, that since the property sought to be reached was the individual property of one of the partners, the plaintiff, as the assignee of the firm, can have no right to the relief sought.

If the allegations of the bill be true, the demurrer is not well taken. The complainant alleges that the property in question was purchased "with money belonging to the firm of Mackoy & Co." If so, then in equity the firm would own it, or have an interest in it, and it would not, as against the firm or their creditors, be the separate or individual property of Mackoy. Assuming these to be the facts, the interest of the firm would pass to the assignee, and he could maintain the bill, although Mackoy has never been individually proceeded against or adjudged a bankrupt. The demurrer is, therefore, overruled.

Whether, on the assumption that the property was the individual property of Mackoy, the assignee of the firm could, in any event, reach it, and if so, what ought to be alleged and shown, to entitle him to do so, are points that need not be considered, since the bill seems not to have been framed upon this basis, but on the one above stated. Demurrer overruled.

[For a bill to enforce the lien of the United States for taxes upon the distillery property which belonged to Mackoy & Co., see Case No. 15,696.]
(As to rights of individual and firm creditors, see Downing's Case [Case No. 4,044]).